IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

JUL 26 2017
Clerk, U.S. Courts
District of Montana
Missoula Division

| | |
|---|---|
| FREDERICK BANKS,<br><br>Plaintiff,<br><br>vs.<br><br>ADRIAN ROE, et al,<br><br>Defendants. | Cause No. CV 17-96-M-DLC-JCL<br><br>ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

The case comes before the Court on documents Petitioner Frederick Banks filed. Initially, it seemed Banks was seeking release from custody pursuant to 28 U.S.C. §2241. Upon further review of Banks's initial filing and supplement, it appears Banks actually intended to file a civil complaint under 42 U.S.C. § 1983. Accordingly, the Clerk will be directed to have the docket reflect this matter as a § 1983 case. The Complaint should be dismissed.

I. **Background**

Plaintiff Banks is in custody at the Northeast Ohio Correctional Center (NEOCC) in Youngstown, Ohio. And Banks has a criminal proceeding pending against him in the Western District of Pennsylvania.[1] As defendants, Banks

---

[1] See e.g., *U.S. v. Banks*, 17-1756, 2017 WL 2992501, at *1 (3d Cir. July 14, 2017) (affirming the district court's

1

names: Adrian Roe, his Pittsburgh criminal defense attorney; Mark R. Hornak, United States District Judge for the Western District of Pennsylvania; Robert Cessar and Sue Song, Assistant United States Attorneys for the District of Pennsylvania; the United States District Court for the Western District of Pennsylvania; Special Agents, Sean Langford, Robert Werner, and Scott Smith; Mike Pompeo, the Director of the Central Intelligence Agency; the Federal Bureau of Investigation; and, the Central Intelligence Agency. Generally, Banks alleges that the Defendants conspired to delay his criminal case, which included working to have Banks involuntarily committed to the Federal Medical Center in Butner, North Carolina, for a competency evaluation, unlawfully keeping him in custody beyond his potential maximum sentence. (Docs. 1 and 3).

Banks asks this Court to enter a declaratory judgment against Judge Hornak finding that the court delayed the case in violation of its clear legal duty. (Doc. 1). Banks also seeks writs of mandamus and quo warranto relative to Judge Hornak's purported acts. (Doc. 3). As to the remaining defendants, Banks seeks monetary compensation of between $55 million and $855 million. Compare, (Docs. 1 and 3).

Banks has filed the same claims in other jurisdictions.[2] Additionally this

---

order denying Banks's motion to unseal records from three prior criminal cases and one pending criminal case). See also, (Docs. 1 and)(referencing the pending matter is related to *USA v. Banks*, 15-cr-168, (Western District of Pennsylvania).

[2] See, *Banks v. Roe*, et. al., Case No. 3:17-cv-00724 (filed July 10, 2017) (Southern District of Illinois); *Banks v.*

2

Court is familiar with Banks from a recent habeas petition. See, *Banks v. Forbes et al*, Case No. CV-17-61-H, Pet. (filed May 22, 2017). In that matter, Magistrate Judge Johnston recommended dismissal of the petition for lack of jurisdiction and observed that Banks has previously been deemed a vexatious litigant in other jurisdictions. *Banks v. Forbes et al*, Case No. CV-17-61-H, Find. and Rec. at 2-3 (Doc. 2) (filed May 22, 2017).

## II. Analysis

However inartfully plead, with respect to an inmate proceeding pro se, his complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(per curiam). Therefore, this Court will construe Banks's pleadings liberally and afford him the benefit of any doubt. *Akhtar v. Mesa,* 698 F. 3d 1202, 1212 (9th Cir. 2012).

Because Banks is a prisoner proceeding in forma pauperis, the Court must screen his Complaint under 28 U.S.C. §1915 and 28 U.S.C. These statutes require the Court to review a prisoner's complaint and dismiss it or portions thereof before it is served upon the defendants if the complaint is "frivolous," "fails to state a

---

Roe et al, Case No. 4:17-cv-00323 (filed July 10, 2017)(Arizona District Court); *Banks v. Roe et al.*, Case No. 4:17-cv-00579 (filed July 13, 2017) (Texas Northern District Court); *Banks v. Roe et. al*, Case No. 6:17-cv-01648 (filed June 22, 2017) (South Carolina District Court); *Banks v. Roe et al*, Case No. 1:2017-cv-00856 (filed June 22, 2017) (California Eastern District Court); *Banks v. Roe et al*, Case No. 2:2017-cv-14251 (filed July 11, 2017)(Florida Southern District Court); *Banks v. Roe et al.*, Case No. 1: 17-cv-01492 (filed June 19, 2017)(Colorado District Court); *Banks v. Roe et al.*, Case No. 4:17-cv-01265 (filed June 16, 2017)(Ohio Northern District Court); *Banks v. Roe et al*, Case No. 2:17-cv-00239 (filed June 22, 2017)(Maine District Court).

claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune." A court must give a pro se litigant leave to amend the complaint unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Lira v. Herrera*, 427 F. 3d 1164, 1176 (9th Cir. 2005). If amendment of the pleading would be futile, however, leave to amend may be denied. *Ventress v. Japan Airlines*, 603 F. 3d 676, 680 (9th Cir. 2010). For the reasons discussed below, Banks's complaint is subject to dismissal because the Court lacks jurisdiction and amendment of the pleading would be futile.

**a. Jurisdiction**

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 134 S. Ct. 746, 753 (2014). Montana Rule of Civil Procedure 4B(1), which serves as the long-arm statute, "permit[s] the exercise of personal jurisdiction over nonresident defendants to the maximum extent permitted by federal due process." *Davis v. Am. Family Mut. Ins. Co.*, 861 F. 2d 1159, 1161 (9th Cir. 1988).

Under Montana law, a court is granted jurisdiction over a non-resident regarding a cause of action arising out of: A) the transaction of any business within Montana; B) the commission of any act resulting in accrual within Montana of a tort action; C) the ownership, use, or possession of any property, or of any interest

4

therein, situated within Montana; D) contracting to insure any person, property, or risk located within Montana at the time of contracting; E) entering into a contract for services to be rendered or for materials to be furnished in Montana by such person; F) acting as director, manager, trustee, or other officer of a corporation organized under the law of, or having its principal place of business within, Montana; or G) acting as personal representative of any estate within Montana. Mont. R. Civ. P 4(B)(1)(A)-(G).

Banks's complaint does not make a showing that would satisfy any of these requirements. It does not appear that any of the named defendants reside in Montana, nor does Banks. Additionally, it appears that the majority of the events which Banks complains occurred in Pennsylvania, and that as a result of these events, he was committed to the Federal Medical Facility in Butner, North Carolina. Thus, given the particulars of Banks's complaint, none of the circumstances conferring jurisdiction under Montana's long arm-statute are satisfied in this case and no jurisdiction exists.

Banks also fails to satisfy due process. Due process requires that the defendants "have certain minimum contacts" within the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)(quoting

5

*Milliken v. Meyer*, 311 U.S. 457, 463 (1940). States may exercise general or specific jurisdiction over non-resident defendants. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984). General jurisdiction may be asserted when the defendant's activities in the forum states are "continuous and systematic" or "substantial." *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445 (1952). There is no allegation contained within Banks's complaint that any of the named defendants reside in Montana. Nor is there any suggestion that there was any contact or activities that occurred within Montana, much less continuous, systematic, or substantial contact. Thus, Banks has failed to demonstrate that any of the defendants are subject to general jurisdiction in Montana.

In analyzing specific jurisdiction, the courts employ a three-part test to determine whether a defendant has sufficient contacts with the forum state to be subject to specific personal jurisdiction:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) The claim must be one which arises out of or relates to the defendant's forum-related activities; and,

(3) The exercise of jurisdiction must comport with the fair play and

6

substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F. 3d 797, 802 (9th Cir. 2004). Banks's complaint fails to allege any act or proceeding that has occurred in Montana; his complaint centers around conduct that took place in Pennsylvania and North Carolina. There is no indication that any of the named defendants purposefully directed any activity, engaged in any transaction, or performed an act so as to purposefully avail themselves of the privilege of conducting activities in Montana. None of the defendants would have any reason to anticipate a lawsuit being filed against them in Montana. In short, Banks fails to make a claim that any of the named defendants engaged in Montana-related activity; all of the purported wrongs occurred two thousand miles away. It would be unreasonable to find specific jurisdiction exists in the instant case.

### b. Quo Warranto Relief

Even if Banks could overcome the jurisdictional bar, he is still not entitled to quo warranto relief. Under federal case law, a quo warranto proceeding can be brought only by the United States, and not a private individual. *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 502 (1933) (Quo warranto is addressed to preventing a continued exercise of authority unlawfully asserted, not to a correction of what already has been done under it or to a vindication of private

7

rights). "[T]he federal common law remedy has been available only in connection with proceedings over an individual's right to hold an office or position." *Sundance Land Corp. v. Cmty. First Fed. Sav. & Loan Ass'n*, 840 F. 2d 653, 665 (9th Cir. 1988). To the extent that Banks seeks to circumvent the procedural and/or jurisdictional requirements, he may not do so by attempting to file a claim under the guise of a petition for a writ quo warranto. Banks's request for quo warranto relief should be denied.

### c. Writ of Mandamus/Declaratory Relief

As an initial matter, even if this Court were to believe Judge Hornak erred in the manner Banks suggests, which it does not, Judge Hornak is still entitled to absolute immunity for his judicial acts. See e.g., *Bradley v. Fisher*, 80 U.S. 335, 347 (1872). Judges are also immune "from claims for declaratory and injunctive relief arising from their judicial acts." *Atkinson-Baker & Associates, Inc. v. Kolts*, 7 F. 3d 1452-1454 (9th Cir. 1993). To the extent that Banks seeks to challenge the rulings of Judge Hornak, his remedy is an appeal to the Third Circuit. See, 28 U.S.C. §§1291, 1294 (providing the court of appeals for the circuit embracing the district court jurisdiction to review a decision of the district court). This Court has no authority to review the decision of another district court. *Mullis v. U.S. Bankr. Ct. for Dist. of Nevada*, 828 F. 2d 1385, 1393 (9th Cir. 1987). This Court "lacks

authority to issue a writ of mandamus to another district court." *Id.*; see also *Klayman v. Kollar-Kotelly*, 892 F. Supp. 2d 261, 264 (D.D.C. 2012)(a district court's mandamus jurisdiction under 28 U.S.C. §1361 does not extend to mandamus actions against other members of the judicial branch). Banks's request should be denied.

### III. Conclusion

Even construing Banks's complaint liberally and affording him the benefit of all doubt, he may not proceed because this Court lacks jurisdiction. The complaint cannot be saved by amendment because this Court can conceive of no additional facts that would give rise to jurisdiction within the District of Montana. Likewise, for the reasons set forth herein, this Court should deny Banks's request for declaratory/injunctive relief and his request for writs of mandamus of quo warranto. Finally, because Banks has filed this same complaint in at least nine other jurisdictions, the filing in Montana is frivolous. This matter should be dismissed.

Based on the foregoing, the Court enters the following:

### ORDER

The Clerk of Court is directed to correct the docket to reflect that this matter is a civil rights complaint under 42 U.S.C. § 1983, rather than a petition for habeas

corpus relief.

## RECOMMENDATION

1. This matter should be dismissed. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision should not be taken in good faith. The record makes plain that this Court lacks jurisdiction and the filing in Montana is frivolous, not grounded in law or fact.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Banks may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[3] 28 U.S.C. §636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

---

[3] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed. R. Civ. P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a) should not be filed until entry of the District Court's final judgment.

DATED this 26th day of July, 2017.

/s/ *Jeremiah C. Lynch*
Jeremiah C. Lynch
United States Magistrate Judge