IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| | |
|---|---|
| FREDERICK BANKS,<br><br>Plaintiff,<br><br>vs.<br><br>ADRIAN ROE, et al.,<br><br>Defendants. | CV 17-96-M-DLC-JCL<br><br>ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendations in this case on July 26, 2017, recommending dismissal of Plaintiff Frederick Banks's ("Banks") Complaint for lack of jurisdiction. Banks filed an objection to the Findings and Recommendations, and so is entitled to a *de novo* review of those findings and recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(c).

## BACKGROUND

Banks is an inmate at the Northeast Ohio Correctional Center in Youngstown, Ohio. He filed a civil rights petition against the following Defendants: Adrian Roe, his Pittsburgh criminal defense attorney; Mark R.

-1-

Hornak, United States District Judge for the Western District of Pennsylvania; Robert Cessar and Sue Song, Assistant United States Attorneys for the District of Pennsylvania; the United States District Court for the Western District of Pennsylvania; Special Agents Sean Langford, Robert Werner, and Scott Smith; Mike Pompeo, the Director of the Central Intelligence Agency; the Federal Bureau of Investigation; and the Central Intelligence Agency. (Doc. 1.) In his Amended Complaint and Objections (Doc. 7), he adds the United States Attorney for the District of Montana as a Defendant.[1] Banks asks this Court to enter declaratory judgment against Judge Hornak finding that the Judge delayed Banks's case in violation of a clear legal duty. Banks also asks the Court to issue writs of mandamus and quo warranto relative to Judge Hornak's purported acts. (Docs. 1 and 3.) As to the remaining Defendants, Banks seeks monetary compensation of between $55 and $855 million. *Id.*

Because the parties are familiar with the facts of this case they will only be included here as necessary to explain the Court's order.

---

[1] Given that Banks is proceeding pro se, this Court will construe Banks's Amended Complaint naming the U.S. Attorney as though Banks had named the U.S. Attorney as a Defendant, in an effort to cure Judge Lynch's finding that the Court lacks personal jurisdiction. When a pro se plaintiff fails to appropriately identify a defendant, the court may look to the entire complaint to determine the plaintiff's intent. *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983).

## DISCUSSION

With respect to an inmate defendant's pro se pleadings, the court applies a "less stringent standar[d] than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Therefore, this Court will construe Banks's pleadings and amendments liberally and afford him the benefit of any doubt. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

Because Banks is a prisoner proceeding in forma pauperis, the court must screen his Complaint under 28 U.S.C. § 1915. This statute requires the court to review a prisoner's complaint and dismiss it in part or full if the complaint is "frivolous," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune." *Id.* For the reasons discussed below, Banks's Complaint is subject to dismissal because this Court lacks jurisdiction, and Judge Hornak is entitled to absolute judicial immunity.

Banks objects to two of Judge Lynch's findings, but does not object to the finding on quo warranto relief. Both objections will be addressed separately below.

## I. Jurisdiction

Judge Lynch finds that the Court does not have jurisdiction over Banks's claims because his Complaint does not allege facts that support jurisdiction under

either Montana's long-arm statute or due process. (Doc. 6 at 4–7.) Neither Banks nor any of the Defendants named in the initial Complaint reside in Montana. None of the events alleged in the Complaint occurred in Montana. Thus, Judge Lynch does not find the "certain minimum contacts" necessary to support jurisdiction. *See Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (*quoting Milliken v. Meyer*, 311 U.S. 457, 463 (1940).)

Banks then amended his Complaint to name the U.S. Attorney for the District of Montana as a Defendant. (Doc. 8 at 1.) Banks ordered him to investigate the allegations contained in his Complaint, and to issue writs of mandamus and quo warranto against Judge Hornak and the remaining Defendants.[2] *Id.* Banks claims the Court now has personal jurisdiction because the U.S. Attorney resides in Montana. (Doc. 8 at 1.)

Upon review, this Court finds no error with Judge Lynch's finding that this Court lacks jurisdiction over Banks's claim, even with the additional Defendant. In the Ninth Circuit, joinder is fraudulent when a plaintiff names a "sham defendant;" one against whom no cause of action can be stated. *Chicago, R.I. & P. Ry. Co. v. Schwyhart*, 227 U.S. 184, 193–94 (1913); *Wilson v. Rep. Iron &*

---

[2] A writ of quo warranto challenges the authority of a public official and must be asserted by the government, not a private individual. *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 502 (1933).

*Steel Co.*, 257 U.S. 92, 97 (1921) (fraudulent joinder occurs when a defendant has "no real connection with the controversy"); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). For a court to determine the existence of a "sham defendant," the failure in the complaint must be obvious according to the settled rules of the state. *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). When joinder is fraudulent, the court may ignore the presence of that defendant for the purpose of establishing jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).

Banks does not state a valid cause of action against the U.S. Attorney, nor does he allege any prejudice or harm suffered at the hands of the U.S. Attorney. Instead, the Complaint instructs the U.S. Attorney to investigate Banks's allegations against the other Defendants. Even viewed in the light most favorable to Banks, under well-settled Montana law, the U.S. Attorney has no real connection to the controversy and Banks alleges no facts entitling him to relief. *Meagher v. Butte-Silver*, 160 P.3d 552, 556 (Mont. 2007) (setting forth the standard of a motion to dismiss under Montana law.) Accordingly, joinder is fraudulent, and this Court may ignore the presence of the U.S. Attorney for the purpose of establishing jurisdiction. Thus, Judge Lynch's finding that the Court lacks jurisdiction is proper.

## II. Writ of Mandamus/Declaratory Relief

Banks argues that Judge Hornak unlawfully delayed his case in violation of his clear legal duty under 28 U.S.C. § 453, the judicial oath. (Doc. 1 at 1.) Judge Lynch concludes that Judge Hornak is entitled to absolute immunity for his judicial acts." *See e.g., Bradley v. Fisher*, 80 U.S. 335, 347 (1872). Judges are immune "from claims for declaratory and injunctive relief arising from their judicial acts." *Atkinson-Baker & Assoc., Inc. v. Kolts*, 7 F.3d 1452, 1454 (9th Cir. 1993). Judge Lynch also concludes that this Court lacks authority to issue a writ of mandamus to another district court. *Mullis v. U.S. Bankr. Ct. for Dist. of Nev.*, 828 F.2d 1385, 1393 (9th Cir. 1987); *See also Klayman v. Kollar-Kotelly*, 892 F. Supp. 2d 261, 264 (D.D.C. 2012).

Banks claims that Judge Hornak, while immune for his judicial acts, is not immune from an action seeking declaratory relief. (Doc. 8 at 1–2.) He cites *Africa v. Anderson*, to contend that an action seeking declaratory judgment against a judicial officer is proper. 542 F. Supp. 224 (E.D. Pa. 1982). In *Africa*, the issue was whether the plaintiff's First Amendment right to freedom of religion was violated when Judge Anderson denied the Plaintiff the opportunity to represent herself in a criminal action. The Federal Declaratory Judgment Act allows the court to address a complaint or controversy if the court has jurisdiction. 28 U.S.C.

§ 2201. In *Africa*, the Plaintiff raised a constitutional issue, invoking jurisdiction under 28 U.S.C. § 1331. Banks does not raise an issue which invokes federal question jurisdiction, and accordingly, this Court lacks jurisdiction to hear Banks's claim for declaratory judgment.

Nor does this Court have jurisdiction to issue a writ of mandamus against a member of the judiciary. A district court has original jurisdiction to issue a writ of mandamus "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. However, jurisdiction over Judge Hornak exists only if the judiciary is an "agency" contemplated within the meaning of Title 28 of the United States Code. *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1245 (10th Cir. 2007). Section 451 defines "agency" as "any department, independent establishment, commission, administration, authority, board or bureau of the United States or any corporation in which the United States has a proprietary interest, unless the context shows that such term was intended to be used in a more limited sense." 28 U.S.C. § 451. A "department" is "one of the executive departments enumerated in section 1 of Title 5, unless the context shows that such term was intended to describe the executive, legislative, or judicial branches of the government." *Id.*

No court has yet interpreted "agency" to mean the judicial branch of

government. *Klayman*, 892 F. Supp. 2d at 264. In *Trackwell*, the Tenth Circuit similarly concluded that the judiciary is not an "agency" within the meaning of 28 U.S.C. § 451, noting the oddity of considering the Supreme Court as an "Appellate Adjudicative Agency." Thus, this Court affirms Judge Lynch's findings that (1) Judge Hornak has absolute judicial immunity, and (2) even if he does not, this Court lacks jurisdiction to consider Banks's claims for declaratory judgment and mandamus relief.

Accordingly, IT IS ORDERED that Judge Lynch's Findings and Recommendations (Doc. 6) is ADOPTED IN FULL. This case is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that the Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision should not be taken in good faith. The record makes plain that this Court lacks jurisdiction and the filing in Montana is frivolous, not grounded in law or fact.

DATED this 19th day of September, 2017.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court