IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

FILED
NOV 13 2017
Clerk, U.S. District Court
District Of Montana
Missoula

| | |
|---|---|
| FREDERICK BANKS,<br><br>Plaintiff,<br><br>vs.<br><br>ADRIAN ROE, et. al.,<br><br>Defendants. | Cause No. CV 17-96-M-DLC<br><br>ORDER |

This matter was dismissed with prejudice on September 19, 2017. (Doc. 9.) Plaintiff then filed a Motion for Return of Overpayment of Fees, (Doc. 10), which was denied. (Doc. 11.) Plaintiff subsequently filed a Motion to Vacate under Federal Rule of Civil Procedure 60(b) and requested counsel be appointed to represent him. (Doc. 12.)

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or

1

vacate or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. *Harvest v. Castro*, 531 F. 3d 737m, 749 (9th Cir. 2008)(citations omitted). The moving party "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." *Id.*, citing *Latshaw v. Trainer Wortham & Co., Inc.*, 453 F. 3d 1097, 1103 (9th Cir. 2006). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marilyn Nutraceuticlas, Inc. v. Mucos Pharma GmbH& Co.*, 571 F. 3d 873, 880 (9th Cir. 2009), citing *389 Orange St. Partners v. Arnold*, 179 F. 3d 656, 665 (9th Cir. 1999).

Banks argues that an order from the Fourth Circuit should control and disagrees with this Court's interpretation and application of *Bruce v. Samuels*, 136 S. Ct. 627 (2016), to the collection of fees in the present case. But Banks fails to make the requisite showing of a convincing nature that would compel this Court to alter its prior decision. Banks has not submitted evidence to demonstrate clear

error exists. Likewise, he has not established this case presents the rare circumstance in which extraordinary relief should be afforded. Therefore, Banks' motion for reconsideration and appointment of counsel shall be denied. Banks' remedy, if any, lies in appeal.

Based on the foregoing, the Court enters the following:

### ORDER

1. Banks' Motion for Reconsideration (Doc. 12) is **DENIED**;

2. This case is **CLOSED**. Other than a notice of appeal, no action will be taken on any further filings under this cause number.

DATED this 13th day of November, 2017.

Dana L. Christensen, Chief Judge
United States District Court